705 A.2d 78

**CORRECTIONAL PRE-RELEASE SYSTEM et al.**

v.

**Preston WHITTINGTON.**

**No. 404, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Jan. 30, 1998.

Thomas J. Michels and James A. Haynes, Towson, for appellants.

Bernice L. Latou, Baltimore, for appellee.

Before MOYLAN and CATHELL,* JJ., and GETTY, J. (retired), Specially Assigned.

MOYLAN, Judge.

The appellants, the Correctional Pre–Release System (the employer) and the Injured Worker's Insurance Fund (the insurer), challenge an order issued by the Circuit Court for Wicomico County, affirming a Worker's Compensation Commission Order in favor of the appellee, Preston Whittington. The appellants raise but one issue for our consideration on this appeal:

> Are State employees who receive accident leave also eligible to receive temporary total disability benefits for the same period of time? [1]

---

* Cathell, J., participated in the hearing, decision, and the adoption of this opinion while an active member of this Court.

**1.** Accident leave is applicable to replace the wages of a State employee who is off work because of a job-related injury which would be compensable under the Workers' Compensation Act, but it is a State benefit, not Workers' Compensation. Md.Code Ann., *State Pers. & Pens.* §§ 9–701 through 9–705 (1996). Temporary total disability is paid to any covered employee, public or private, who is off work as a result of an injury or occupational disease which is compensable under the Workers' Compensation Law, and the benefit is an integral part of the Maryland Workers' Compensation System. Md.Code Ann., *Lab. & Empl.* §§ 9–618 through 9–622 (1991).

The facts are undisputed. On August 18, 1994, the claimant suffered a work-related accidental injury which was compensable under the Maryland Worker's Compensation Law. The claimant was awarded accident leave for certain periods when he was off work. From his accident leave, certain deductions were made for:

1.  Social Security payroll tax.

2.  Maryland State Employees' pharmacy, dental, health, life, and other optional insurance plans.

3.  State retirement, union dues, and repayment of one or more credit union loans.

Those deductions self-evidently reduced the claimant's "net" payment from his accident leave. The State of Maryland continued to subsidize the claimant's various benefit programs which continued in effect and the claimant continued to accrue leave and retirement credit as a full-time state employee.

■ When a claimant who is a State employee receives temporary total disability benefits, he is on leave without pay status with regard to his employment and no deductions occur, no subsidies are provided and no leave or retirement credit accrues.

The Workers' Compensation Commission (the Commission) determined that the claimant's "net" accident leave payment was lower than the payment he would have received had the Commission awarded temporary total disability benefits. The Commission further determined that the claimant was entitled to receive temporary total disability payment equal to the difference between the "net" accident leave and the full temporary Total Disability payment amount.

In its Order dated February 15, 1996, the Workers' Compensation Commission ordered the employer and the insurer to pay the claimant $7,820.96 in temporary total disability benefits to supplement the accident leave paid to the claimant and the Commission also awarded the claimant attorney's fees and penalties.

The appellants appealed that Order to the Circuit Court for Wicomico County. On October 28, 1996, the appeal was heard. On January 29,1997, the circuit court issued its Opinion and Order which affirmed the award of temporary total disability benefits and reversed the Commission's award of attorney's fees and penalties. Thereafter, this appeal was timely noted.

■ The appellants contend that the trial court erred in affirming the Commission's Order regarding the award of temporary total disability benefits to the appellee. While the appellants agree that a State employee may be eligible for both accident leave and temporary disability at different times, they argue that there is an "absolute, unqualified statutory prohibition preventing State employees receiving accident leave from also receiving temporary total disability benefits for the same period." We agree.

Md.Code Ann., *State Pers. & Pens.,* § 9–704 (1996) addresses the payment of accident leave to State employees. Subsection 9–704(d) states:

Effect of Receiving payment—An employee may not receive temporary total benefits under the Maryland Workers' Compensation Act while the employee is receiving payment under this Subtitle.

The language of this subsection is clear. A State employee who receives accident leave may not receive temporary total benefits under the Maryland Workers' Compensation Act.

■ In determining that the Commission was correct in ordering the appellants to pay the appellee temporary total disability benefits, the trial court stated:

[I]n accordance with § 9–610, where the benefits provided by the employer are less than the benefits required by the Maryland Workers' Compensation Law, the Commission is entitled to order the employer/insurer to make up the difference. Therefore, the order of the Commission dated February 15, 1996 is in accordance with the law and such order is valid."

Due to the clear language of § 9–704 of the State Personnel and Pensions Article, however, the trial court erroneously applied Md.Code Ann., *Lab. & Empl.,* § 9–610 (1991) in the instant case.

■ Section 9–610 of the Workers' Compensation Code, titled "Offset against other benefits," states:

(a)(1) "If a statute, charter, ordinance, resolution, regulation, or policy, regardless of whether part of a pension system, provides a benefit to a covered employee of the governmental unit ..., payment of the benefit by the employer satisfies, to the extent of the payment, the liability of the employer ... for payment of benefits under this title."

(2) "If a benefit paid under paragraph (1) of this subsection is less than the benefits provided under this title, the employer ... shall provide an additional benefit that equals the difference between the benefit paid under paragraph (1) of this subsection and the benefits provided under this title."

*Lab. & Empl.,* § 9–610. The purpose behind the enactment of that statute was to allow the Workers' Compensation Commission to prevent an employee from receiving a double recovery for the same injury. *Mayor of Baltimore v. Polomski,* 106 Md.App. 689, 666 A.2d 895 (1995), *aff'd,* 344 Md. 70, 684 A.2d 1338 (1996); *Oros v. Mayor of Baltimore,* 56 Md.App. 685, 468 A.2d 693 (1983), *aff'd,* 301 Md. 460, 483 A.2d 748 (1984); *Nooe v. City of Baltimore,* 28 Md.App. 348, 345 A.2d 134 (1975); *Frank v. Baltimore County,* 284 Md. 655, 399 A.2d 250 (1979).

In *Mayor of Baltimore v. Polomski,* both this Court and the Court of Appeals addressed the application of § 9–610 of the Workers' Compensation Code with respect to a similar limitation provision. The claimant in *Polomski* asserted that section 9–503(d)(2) of the Labor and Employment Article, an offset provision that limited his Workers' Compensation benefit, should not have applied because that section should be interpreted as if it were governed by § 9–610.[2]

---

**2.** Section 9–503(d) of the Labor and Employment Article provided:

Section 9–503(d)(2), like section 9–704(d) of the State Personnel and Pensions Article, is an explicit statutory provision that imposes a limit on the claimant's Workers' Compensation benefit. The limitation is that although the claimant could collect both his retirement and his workers' compensation, the sum of the two cannot exceed the weekly salary he receives while working. As in the instant case, the claimant argued that § 9–610 of the Workers' Compensation Code controlled.

Both the Court of Appeals and the Court of Special Appeals rejected that argument. Both courts looked to the legislative intent of the statute in determining the case. In doing so, Judge Getty stated:

The primary source in ascertaining legislative intent is the language of the statute itself. The language must be given its natural and ordinary signification, bearing in mind the statutory aim and objective. A plainly worded statute, furthermore, must be construed without forced or subtle interpretations designed to extend or limit the scope of its operation.

*Polomski,* 106 Md.App. at 696, 666 A.2d 895, 344 Md. at 75, 684 A.2d 1338 (citations omitted). Following these guidelines, both courts determined that the clear language of § 9–503(d)(2) "negated the need to look elsewhere." *Polomski,* 106 Md.App. at 698, 666 A.2d 895; *Polomski,* 344 Md. at 84, 684 A.2d 1338.

Furthermore, Judge Karwacki for the Court of Appeals, stated:

(1) Except as provided in paragraph (2) of this subtitle, any paid firefighter ... who is eligible for benefits under subsection (a), (b), or (c) of this subsection shall receive the benefits in addition to any benefits that the individual is entitled to receive under the retirement system in which the individual was a participant at the time of the claim.

(2) The benefits received under this title shall be adjusted so that the weekly total of those benefits and retirement benefits does not exceed the weekly salary that was paid to the firefighter.

Md.Code Ann., *Lab. & Empl.,* § 9–503(d) (1991).

This section specifically and unambiguously requires that Polomski's workers' compensation benefits be reduced to the extent that when combined with his retirement benefits, the sum does not exceed his weekly salary. If § 9–503(d) is to be amended to require a set-off against only "similar benefits," that amendment must come from the General Assembly, not this Court.

*Polomski,* 344 Md. at 84, 684 A.2d 1338.

This is also true in the instant case. The language of § 9–704(d) of the State Personnel and Pensions Article specifically and unambiguously states that a State employee who receives accident leave is precluded from receiving temporary total disability while receiving such accident leave. The intent of the Legislature could not have been expressed more clearly. Moreover, as in *Polomski,* if an amendment is to be made to § 9–704(d), "that amendment must come from the General Assembly, not this court." Accordingly, we shall reverse the trial court's ruling with regard to the award of temporary total disability benefits as its determination that § 9–610 of the Workers' Compensation Code was controlling in the instant case was in error.

Additionally, although we see nothing erroneous with the trial court's reversal of the Commission's award of attorney's fees and penalties to the appellee, we will not address the merits of the appellee's claims regarding this issue as it is not properly before this Court.

*JUDGMENT REVERSED; COSTS TO BE PAID BY AP-PELLEES.*